[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 2, 1995 Date of Application June 20, 1995 Date Application Filed June 22, 1995 Date of Decision March 26, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR 93 — 388629;
Howard Gemeiner, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The then 61 year old petitioner was convicted, following a trial by jury, of the following offenses:
 Sexual Assault, 3rd Degree § 53a-721 (a)(1) 3 Counts Risk of Injury to Minor § 53-21 2 Counts Unlawful Restraint, 1st Degree § 53a-95 (a) 3 Counts Sexual Assault, 1st Degree § 53a-70 (a)(1) 2 Counts Sexual Assault, 2nd Degree § 53a-71 (a)(1) 2 Counts
He received a total effective sentence of twenty years, execution suspended after twelve years, with a three year probationary period.
The victim of all these crimes was the then thirteen year old daughter of the petitioner's female companion. The petitioner was also the owner of the house where the victim and her mother resided.
The crimes took place over a two year period, from 1991 to 1993. They included forcible penile penetration of the young girl. They were clearly heinous and grievous crimes.
The effects of the crimes on the victim are devastating. She had immigrated to this country from India when she was eleven years old. Her mother has now rejected the victim and refuses to speak to her. Apparently she did not believe the victim should have reported these assaults. As a result, the victim was essentially orphaned and had to be placed in a foster home. She required family and individual counseling for the resultant emotional scarring. Because she was an outcast to her family she could not attend her father's funeral when he died. In short, she has been bereft of family support at an important period in her life. She states also, that in her culture, she has been despoiled and would not be marriageable to someone from her native country.
The petitioner has always maintained his innocence and did so in his comments to the Division.
The petitioner has a positive personal history — no prior criminal record, was trained as an electrician, had a good employment record and served in the military with an honorable discharge. CT Page 1598-F
The Division agrees with the State's Attorney that the sentencing Court carefully considered the good background of the petitioner when weighing the sentence. These were terrible crimes inflicted on a child with disastrous and probably life long implications.
It appears to the Division that the sentencing Court gave appropriate consideration to the petitioner's previous exemplary history. If not for that background, he might well have received a substantially longer sentence.
The Division concludes the sentence was well within the parameters of reasonableness and proportionality. Reviewing said sentence pursuant to the provisions of Practice Book § 942, the Division finds it to be appropriate. It is affirmed.
Klaczak, J.
Norko, J.
Stanley, J.
Klaczak, Norko and Stanley, J.s, participated in this decision.